UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
|     JENIFER TAKACS ) | Case No. 08-14183-SSM |
| ) | Chapter 7 |
|                Debtor ) | |
| ) | |
| JOSEPH TAKACS ) | |
| ) | |
|                Movant ) | |
| ) | |
| vs. ) | |
| ) | |
| JENIFER TAKACS *et al* ) | |
| ) | |
|                Respondents ) | |

**MEMORANDUM OPINION AND ORDER
MODIFYING AUTOMATIC STAY**

Before the court is the motion of Joseph Takacs, the debtor's estranged husband, for relief from the automatic stay in order to file a divorce suit against the debtor in the Circuit Court of Loudoun County, Virginia. The debtor does not oppose the motion, but the chapter 7 trustee, Donald F. King, does to the extent such relief would allow the state court to make an equitable distribution award. A hearing was held on September 17, 2008, at which the court heard the contentions of the parties and took the matter under advisement. For the reasons stated, relief will be granted with appropriate conditions to protect the interest of the bankruptcy estate.

1

Background

Jenifer Takacs ("the debtor") filed a voluntary petition in this court on July 15, 2008, for relief under chapter 7 of the Bankruptcy Code, and has not yet received a discharge. Donald F. King was appointed as trustee  Among the assets listed on the debtor's schedules are an over-encumbered interest in real estate held as tenants by the entireties, three motor vehicles (two jointly-titled and one in her name), a 401(k) retirement savings plan and an Individual Retirement Account in her name, and jointly-titled shares of stock in Johnson & Johnson, Coke, Exxon, and General Electric with an aggregate value of $38,421.

The debtor and her husband had separated prior to the filing of the bankruptcy petition, and the husband had brought an action against the debtor for separate maintenance in the Circuit Court of Loudoun County, Virginia. That action was stayed by the state court after it learned of the bankruptcy filing.[1] The husband now seeks to file a divorce action and to obtain an award of equitable distribution. In connection with the equitable distribution, the husband evidently seeks a ruling that all or a significant portion of the jointly-titled stock is actually his separate property. The trustee advises that he has abandoned the real estate and the automobiles but is still investigating whether other assets—including the shares of stock—may be administered for the benefit of creditors.

---

[1] While the state court's caution is understandable, it was unnecessary, since a civil proceeding to establish a "domestic support obligation"—which under the broad definition in § 101(14A), Bankruptcy Code, would plainly include an award of separate maintenance—is an express exception to the automatic stay. *See* § 362(b)(2)(A)(ii), Bankruptcy Code.

Discussion

The filing of a bankruptcy petition creates an automatic stay of, among other things, most types of litigation against the debtor.  § 362(a)(1), Bankruptcy Code.  Certain types of suits, however, are excluded from the stay.  These include a suit "for the dissolution of a marriage, *except to the extent that such proceeding seeks to determine the division of property that is property of the estate*."  § 362(b)(2)(a)(iv), Bankruptcy Code (emphasis added).

The Fourth Circuit has explained that when relief from the automatic stay is sought to proceed with litigation in another forum, a bankruptcy court should consider (1) whether only issues of state law involved, so that the expertise of the bankruptcy court is unnecessary; (2) whether judicial economy will be promoted; (3) whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (4) whether the estate can be protected by requiring that any judgment obtained be enforced only through the bankruptcy court.  *Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345 (4th Cir. 1992).  *Robbins* involved a motion for relief from the automatic stay in order to finalize an equitable distribution award.  Unlike the present case, the divorce had been decreed, and an equitable distribution award entered, prior to the filing of the bankruptcy petition.  An appeal had been taken solely with respect to the mechanics of the award—namely, whether the debtor's wife should receive one-half of her husband's shares in a closely-held company or instead the cash value of the shares—and the matter had already been remanded to the trial court to calculate the dollar value of the shares.  The bankruptcy court granted the wife relief from the automatic stay so that the trial court could enter a final judgment reflecting the equitable distribution award, and both the district court and the Fourth Circuit affirmed.  *See,*

*also*, *Roberge v. Buis*, 95 F.3d 42 (4th Cir. 1996) (unpublished table decision) (affirming district court order reversing bankruptcy court and granting relief from stay to allow debtor's spouse to pursue equitable distribution of the marital home in state court where the debtor had obtained an ex parte divorce in another state prior to filing bankruptcy).

There can be no doubt that equitable distribution is governed solely by state law and is a subject area, not only in which state courts have a special expertise, but in which federal courts owe special deference to state courts.  Almost by definition, judicial economy would be promoted, since this court—while it has jurisdiction to determine traditional property interests in assets of the bankruptcy estate—has no domestic relations jurisdiction, and there would thus be no overlapping proceedings with respect to the specific issues affecting equitable distribution.  There is, however, some risk that equitable distribution litigation could interfere with the administration of the bankruptcy case because the equitable distribution issues focus entirely on the rights of the spouses vis-a-vis each other and not on the rights of creditors.  In this connection, it must be remembered that a bankruptcy trustee occupies a unique position.  Among other powers, the trustee has the status of a hypothetical creditor who has extended credit to the debtor on the date of the bankruptcy and has simultaneously obtained a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien.  § 544(a)(1), Bankruptcy Code.  The question then, is simply this: under Virginia law, if a creditor on a simple contract had obtained a judicial lien on the debtor's (presumptively 50%) interest in the jointly-held stock prior to the commencement of a divorce suit, could that lien interest be defeated by a subsequent equitable distribution award awarding the stock (or more than 50% of it) to the judgment debtor's spouse?  And, if so, would such a creditor have standing under

Virginia practice to intervene in the equitable distribution proceeding to protest a possibly-collusive agreement awarding all the stock to the non-debtor spouse in exchange, say, for a waiver of, or reduction in, spousal support?  And finally, even if the trustee would be allowed to intervene in the divorce proceeding, would administration of the bankruptcy case be hindered because the trustee would have to prepare for, and appear in, the state court litigation?  Many of these concerns, of course, would be largely alleviated by a requirement that any equitable distribution award impacting the trustee's right to administer the stock (as well as any other non-exempt property that has not been abandoned) could only be enforced upon further order of this court.

Having considered all the circumstances, the court concludes that the equities weigh in favor of granting relief from the automatic stay to allow the divorce suit to be filed and to allow the state court to make an equitable distribution award, subject, however, to this court's power, notwithstanding any such award, to determine the trustee's interest in any property that has not been abandoned or exempted.  It is, accordingly,

**ORDERED:**

1. The motion for relief from the automatic stay is granted in part, and the automatic stay arising under 11 U.S.C. § 362(a) is modified to allow the movant to commence, and to prosecute to final judgment, including any appeals, a suit against the debtor for divorce, including equitable distribution.  However, no judgment affecting any rights the debtor had or claimed on the filing date of the bankruptcy petition in property that has not either been abandoned by the trustee or exempted by the debtor, may be enforced without further order of this court.

      2. The entry of this order is without prejudice to this court's power, notwithstanding the pendency of any divorce litigation, to decree or approve the sale of property that might be subject to equitable distribution in the divorce case.

      3. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____                      _____
                                          Stephen S. Mitchell
Alexandria, Virginia                                    United States Bankruptcy Judge

Copies to:

Madeline A. Trainor, Esquire
Cyron & Miller, LLP
100 N. Pitt Street, Suite 200
Alexandria, VA  22314
Counsel for the movant

James W. Reynolds, Esquire
Odin, Feldman & Pittleman, P.C.
9302 Lee Highway, Suite 1100
Fairfax, VA  22031
Counsel for Donald F. King, chapter 7 trustee

Robert R. Weed, Esquire
Law Offices of Robert Weed
7900 Sudley Road, Suite 409
Manassas, VA 20109
Counsel for the debtor

Jenifer Takacs
46610 Kings Chase Court
Sterling, VA 20165
Debtor